JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-6280 PA (VBKx) | Date | August 3, 2011 |
|---|---|---|---|
| Title | Barry G. Clark v. Monumental Life Ins. Co., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before this Court is a Notice of Removal filed by defendants Monumental Life Insurance Company and Peoples Benefit Insurance Company (collectively "Defendants"). (Docket No. 1.) Defendants assert that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v.Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Accordingly, in attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

Defendants' Notice of Removal alleges that plaintiff Barry G. Clark ("Plaintiff") is a citizen of California, noting that "[t]he complaint states that Plaintiff Clark was, and still is, a citizen of the state of California. [Complaint, ¶ 5]." (Notice of Removal ¶ 4.) However, the Complaint does not state that Plaintiff is a citizen of California; it merely states that Plaintiff is a resident of California. Since California residence is not equivalent to California citizenship, Defendants have not met their burden to demonstrate that Plaintiff is a citizen of California.

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6280 PA (VBKx) | Date | August 3, 2011 |
|---|---|---|---|
| Title | Barry G. Clark v. Monumental Life Ins. Co., et al. | | |

Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning Plaintiff's citizenship, Defendants have not met their burden to establish this Court's jurisdiction.  See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).  Accordingly this Court remands this action to Los Angeles County Superior Court, Case No. BC464518 for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.